**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 121962

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Yoon Hee Kim,<br><br>              Plaintiff,<br><br>              **v.**<br><br>Wells Fargo Bank, N.A., Bank of America N.A., Goldman Sachs Bank USA, Bluestem Brands, Inc., Dell Financial Services LLC, Experian Information Solutions, Inc., TransUnion LLC, and Equifax Information Services, Inc.,<br><br>              Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

       Yoon Hee Kim ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Wells Fargo Bank, N.A. (hereinafter referred to as "Wells"), Bank of America N.A (hereinafter referred to as "BOA"), Goldman Sachs Bank USA (hereinafter referred to as "Goldman"), Bluestem Brands, Inc. also known as and/or doing business as WebBank/Fingerhut, Dell Financial Services LLC (hereinafter referred to as "DFS"), (collectively referred to as "*Furnisher Defendants*").

       Experian Information Solutions, Inc. (hereinafter referred to as "*Experian*"), TransUnion LLC (hereinafter referred to as "TransUnion") and Equifax Information Services, LLC (hereinafter referred to as "*Equifax*") and (Experian, Equifax and TransUnion are hereinafter referred to as "*CRA Defendants*") (collectively all Furnisher Defendants and all CRA Defendants will be referred to as "*Defendants*") as follows:

## **INTRODUCTION**

       1.     This action seeks to recover for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681 *et seq* and New York General Business Law ("GBL") § 604-a.

2. This action is commenced against the CRA Defendants for reporting inaccurate information on Plaintiff's credit report in violation of §1681e(b) and for their failure to conduct a reasonable investigation into Plaintiff's disputes in violation of §1681i(a) after having received dispute letters from Plaintiff disputing the inaccurate reporting on Plaintiff's consumer reports and for their violations of §1681c-2 for failing to block the information after receipt of the notice of dispute/identity theft.

3. This action is commenced against the Furnisher Defendants for violations of the Fair Credit Reporting Act under 15 U.S.C. §1681s-2(b) for their failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

4. This action is commenced against the Furnisher Defendants for violations of GBL § 604-a for their failure to cease collection activity (including but not limited to continuing to report and update reporting of the debt on Plaintiff's consumer reports) and failure to review and consider all of the information provided by the debtor and other information relevant to the review and failing to provide the proper written notices.

5. Plaintiff Yoon Hee Kim is a victim of identity theft who has been haunted by a string of fraudulent accounts that were opened in her name in 2018.

6. Despite sending a dispute letter and identity theft statement to the CRA Defendants, which were then sent to Furnisher Defendants, Defendants have failed to block or remove these accounts rendering Plaintiff's credit virtually useless.

7. Plaintiff brings this action in order to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports which continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, credit denials and less favorable rates and the mental and emotional pain, anguish, humiliation and embarrassment.

8. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and GBL and to have an order issued by this court enjoining Defendants from persisting in its violative behaviors.

## JURISDICTION AND VENUE

9. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

10. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct substantial business in and maintain offices in this judicial district.

## PARTIES

11. Plaintiff Yoon Hee Kim is an individual who is a citizen and resident of the State of New York.

12. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c).

13. Defendant Wells is a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(b) and a "principal creditor" as contemplated by GBL § 604(3).

14. Defendant Wells is a national banking association with its headquarters located in San Francisco, California and maintains offices in the State of New York and may be served with process on its registered agent Corporation Service Company, 80 State Street, Albany, New York 12207.

15. Defendant BOA is a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(b) and a "principal creditor" as contemplated by GBL § 604(3).

16. Defendant BOA is a national banking association and has a principal place of business located at 100 North Tryon Street, Charlotte, NC 28255 and maintains offices and conducts substantial business in the State of New York.

17. Defendant Bluestem Brand, Inc. is a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(b) and a "principal creditor" as contemplated by GBL § 604(3).

18. Defendant Bluestem Brands, Inc. is using the assumed business name Fingerhut and Webbank/Fingerhut (hereinafter referred to as "Fingerhut"). Fingerhut is a Delaware corporation with its principal place of business at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344 and uses registered agent CT Corporation System at 1010 Dale Street North, Saint Paul, Minnesota 55117-5603. Fingerhut regularly conducts substantial business in the State of New York.

19. Defendant Goldman is a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(b) and a "principal creditor" as contemplated by GBL § 604(3).

20. Defendant Goldman is a New York Stated chartered bank with its principal place of business located at 200 West Street, New York, NY 10282.

3

21. Defendant DFS is a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(b) and a "principal creditor" as contemplated by GBL § 604(3).

22. Defendant DFS is a limited liability company in Delaware and has a principal place of business located at 1 Dell Way, Round Rock, TX 78682-7000 and is registered to do business in the State of New York and may be served with process on its registered agent Corporation Service Company, 80 State Street, Albany, New York 12207.

23. Defendant Equifax is a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. 1681a(f), that regularly conducts business in this judicial district.

24. Defendant Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of New York, and may be served with process upon The Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY 12207.

25. Defendant Equifax by contractual agreement, disbursed consumer background reports for remuneration to third parties.

26. Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. Defendant qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), and, by contractual agreement, disbursed consumer background reports for remuneration to third parties.

27. Defendant Experian is a CRA as defined under 15 U.S.C. 1681a(f) that regularly conducts business in this judicial district.

28. Defendant Experian has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626, is registered to do business in the State of New York, and may be served with process upon CT Corporation System, its registered agent for service of process at 28 Liberty Street, New York, NY 10005.

29. Defendant Experian by contractual agreement, disbursed consumer background reports for remuneration to third parties.

30. Defendant TransUnion is a CRA as defined under 15 U.S.C. 1681a(f) that regularly conducts business in this judicial district.

31. Defendant TransUnion is an Illinois limited liability company which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661 is registered to do business in the State of New York, and may be served with process upon Corporation Service Company, its registered agent for service of process at 80 State Street, Albany NY 12207.

32. Defendant TransUnion by contractual agreement, disbursed consumer background reports for remuneration to third parties.

33. Defendants Equifax, Experian and TransUnion are hereinafter collectively referred to as CRA Defendants.

## **SUBSTANTIVE ALLEGATIONS OF FCRA**

34. As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681 which states as follows:

> (a)(1)  The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2)  An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3)  Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4)  There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

35. The FCRA mandates the CRA Defendants adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

36. CRA Defendants compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

5

37. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly with the maximum levels of confidentiality, accuracy, and relevancy.

38. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

39. On or around November 2018, the Plaintiff discovered that she was a victim of identity theft when she reviewed her consumer credit reports and found multiple accounts with a combined balance of approximately $71,532 fraudulently opened in her name by an unknown person.

40. Furnisher Defendants are each reporting one of these fraudulent accounts to one or more CRA Defendants which appear on Plaintiff's consumer credit report and have been furnished to third party creditors.

41. Plaintiff does not speak English and is reliant on Korean to English translators in order to communicate.

42. Plaintiff did not know how to resolve these issues but after receiving some guidance she filed a police report on February 20, 2020, (hereinafter referred to as "2/20/2020 Police Report") regarding the identity theft which specifically referenced these fraudulent accounts.

43. Plaintiff hoped that filing this report would allow for a police investigation into this string of fraudulent accounts which have impacted her ability to use her credit and her ultimate release from the underlying liability of these accounts which she did not open.

44. Upon information and belief, Plaintiff sent the 2/20/2020 Police Report along with dispute letters to CRA Defendants on March 16, 2020, July 1, 2020 and September 11, 2020.

45. Upon information and belief, CRA Defendants sent the notices of dispute and all relevant information to Furnisher Defendants.

46. Upon information and belief, Defendants either failed to perform any investigation or performed an inadequate investigation and simply verified the accounts as accurate and continued reporting the fraudulent accounts on Plaintiff's credit report.

47. Defendants failed to block or remove the reporting of the information that the consumer reported was a result of identity theft.

6

48. Most recently on March 5, 2021, a dispute letter attaching the 2/20/2020 Police Report was sent to each CRA Defendant ("Hereinafter referred to as March 2021 Identity Theft Dispute").

49. Upon information and belief, within five (5) business days of receipt of the March 2021 Identity Theft Dispute, CRA Defendants forwarded the notice of dispute and all relevant information regarding the dispute received to Furnisher Defendants.

50. Upon information and belief, Defendants either failed to perform any investigation or performed an inadequate investigation and simply verified the accounts as accurate and continued reporting the fraudulent accounts on Plaintiff's credit report.

51. Defendants failed to block or remove the reporting of the information that the consumer reported was a result of identity theft.

52. Despite receipt of the dispute letters from CRA Defendants, Wells continues to report the fraudulent account on Plaintiff's Equifax credit report.

53. Wells and Equifax failed to perform a reasonable investigation and failed to send any of the requisite notices required under the FCRA and the GBL.

54. Furthermore, Wells also commenced a debt collection action in Queens County Civil Court based on this fraudulent debt at index number CV-028333-2020 and contesting answer.

55. Wells continues to prosecute this debt collection action despite receipt of the Plaintiff's written statement in dispute, police report, sworn and notarized affidavit and contesting Answer which provided them ample notice of their GBL violations.

56. Despite receipt of the dispute letters from CRA Defendants, Fingerhut continues to report the fraudulent account on Plaintiff's Experian and Equifax credit reports.

57. Fingerhut, Experian and Equifax failed to perform a reasonable investigation and failed to send any of the requisite notices required under the FCRA and/or the GBL.

58. Despite receipt of the dispute letters from CRA Defendants, DFS continues to report the fraudulent account on Plaintiff's TransUnion and Experian credit report.

59. DFS, TransUnion and Experian failed to perform a reasonable investigation and failed to send any of the requisite notices required under the FCRA and/or the GBL.

60. Despite receipt of the dispute letters from CRA Defendants, Goldman continues to report the fraudulent account on Plaintiff's Experian credit report.

61. Goldman and Experian failed to perform a reasonable investigation and failed to send any of the requisite notices required under the FCRA and/or the GBL.

62. Despite receipt of the dispute letters from CRA Defendants, BOA continues to report the fraudulent account on Plaintiff's Experian, TransUnion and Equifax credit report.

63. BOA, Experian, TransUnion and Equifax failed to perform a reasonable investigation.

64. Defendants did not block or remove the false and fraudulent credit reporting and as a result of Defendants' conduct, Plaintiff has sustained actual damages including, but not limited to embarrassment, anguish, and emotional and mental pain.

65. Defendants' continued credit reporting of the account subjected the Plaintiff to loss of credit, loss of the ability to adequately purchase and benefit from the credit and less favorable credit terms as a result of Defendants.

66. Plaintiff is unable to get approvals for credit or reasonable financing terms on items she requires for life and business including but not limited to car loans and mortgages.

## COUNT I
### CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681e(b).

67. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

68. The CRA Defendants systemically violated 15 U.S.C. §1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

69. Upon receipt of Plaintiff's disputes, the CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

70. At a minimum, CRA Defendants were required to mark the status of the tradeline/account as disputed on the consumer's background reports but failed to do so.

71. TransUnion failed to mark the BOA and DFS tradelines as disputed.

72. Experian failed to mark the DFS and Goldman tradelines as disputed.

73. Equifax failed to mark the BOA and Fingerhut tradelines as disputed.

74. Upon information and belief, the CRA Defendants' conduct in the instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

75. In violation of §§ 1681e(b) and 1681(i), the CRA Defendants failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

76. Plaintiff disputed the inaccurate information and the CRA Defendants willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

77. CRA Defendants furnished consumer credit reports inclusive of these inaccurate, fraudulent accounts which caused the Plaintiff to be declined for credit and impairing Plaintiff's ability to use the credit.

78. The CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury and they are liable under § 1681n and § 1681o respectively for their willful and negligent failures to follow reasonable policies and procedures.

79. As a result of the CRA Defendants' violations of 15 U.S.C. §§§ 1681e(b), 1681i and 1681c-2, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

80. For the foregoing reasons, the CRA Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
### CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681i *et seq.*

81. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

82. The CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

83. The CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon the Furnisher Defendant and merely parroting information received from the furnisher.

84. The CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute.

85. The CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

86. The CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

87. The CRA Defendants violated 15 U.S.C. § 1681i(a) by failing to provide Plaintiff with the requisite notice of determination or notice of results of reinvestigation.

88. As a result of the CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above.

89. The CRA Defendants' violations were willful in their knowing and/or reckless disregard, rendering each defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

90. In the alternative, the CRA Defendants were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

91. For the foregoing reasons, the CRA Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT III
### CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681c-2

92. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

93. Pursuant to 15 U.S.C. § 1681c-2(a), a CRA must block the reporting of any information in a consumer's file that is alleged to be a result of identity theft, not later than four (4) business days after receive of notice of the identity theft.

94. This notice to the CRA must include an identity theft report; appropriate personal identification and a statement that the information is not related to any transaction by the consumer, dictates.

95. Here, in compliance with 15 U.S.C. § 1681c-2(a)(1) through 1681c-2(a)(4), Plaintiff sent four dispute letters itemized in the above statement of facts which included

appropriate proof of identity, the 2/20/2020 Police Report filed with a local law enforcement agency which itemized the information at issue and stated that these accounts were fraudulent as they were opened by an "unknown perp".

96. The CRA Defendants violated 15 U.S.C. § 1681c-2(b)(1) by failing to promptly notify the Furnisher Defendants that the information was a result of identity theft.

97. The CRA Defendants violated 15 U.S.C. § 1681c-2(b)(2) by failing to promptly notify the Furnisher Defendants that an identity theft report has been filed.

98. The CRA Defendants violated 15 U.S.C. § 1681c-2(b)(3) by failing to promptly notify the Furnisher Defendants that a block had been requested.

99. The CRA Defendants violated 15 U.S.C. § 1681c-2(a) by failing to block information resulting from identity theft.

100. The CRA Defendants violated 15 U.S.C. § 1681c-2(c)(2) by failing to notify the consumer that they would decline to block the disputed fraudulent accounts or had rescinded the blocking of these accounts.

101. As a result of the CRA Defendants' violations of 15 U.S.C. §1681c-2, Plaintiff suffered actual damages which have been further described above.

102. The CRA Defendants' violations were willful in their knowing and/or reckless disregard, rendering each defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

103. In the alternative, the CRA Defendants were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

104. For the foregoing reasons, the CRA Defendants violated 15 U.S.C. § 1681c-2 and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT IV
### Furnisher Defendant's Violations of the FCRA, 15 U.S.C. §1681s-2(b)

105. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

106. At all times pertinent hereto, each Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

107. The Furnisher Defendants have a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

108. The Furnisher Defendants have an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the dispute item from a consumer reporting agency.

109. Upon information and belief, the Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, properly and in good faith investigate Plaintiff's dispute.

110. The FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher–to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

111. Upon information and belief, the CRA Defendants notified the Furnisher Defendants of Plaintiff's dispute within five (5) business days of receipt of the dispute letter.

112. The Furnisher Defendants failed to investigate and/or reasonably investigate Plaintiff's dispute and failed to correct or remove the inaccurate information from the account and credit report.

113. Upon information and belief, the Furnisher Defendants' conduct in the instant matter is representative of their normal policies and procedures or lack thereof in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

114. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

115. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to review all relevant information concerning Plaintiff's account as provided.

116. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

117. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation;

118. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation.

119. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

120. The Furnisher Defendants' conduct violated § 1681s-2(b) by willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

121. As a result of the Furnisher Defendants' conduct, Plaintiff suffered damages, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials, and reputation as a successful borrower.

122. Further, Plaintiff suffered actual damages including but not limited to the time and money spent to obtain credit reports, submit disputes to the CRA Defendants and to speak with Furnisher Defendants about this issue.

123. Plaintiff suffered actual damages which have been further described above.

124. Furnisher Defendants' conduct was willful in that they became aware of and therefore knew of the identity theft allegations when they received the March 2021 Identity Theft Dispute from the CRA Defendants and still failed to conduct a reasonable investigation and ultimately remove/block the information from Plaintiff's consumer credit report.

125. Furnisher Defendant's conduct was willful in that after receiving they exhibited a reckless disregard and unjustifiably high risk to the Plaintiff when they failed to conduct a reasonable investigation and continued to report fraudulent accounts on consumer's credit report.

126. The Furnisher Defendants are liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

13

127. In the alternative, the Furnisher Defendants' conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

128. For the foregoing reasons, the Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## COUNT V
**Furnisher Defendants' Violations of the New York General Business Law § 604-a**

129. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

130. Plaintiff is a "debtor" as that term is defined by GBL § 604.

131. Furnisher Defendants are all "principal creditors" as that term is defined in GBL § 604.

132. Pursuant to GBL § 604-a(1), "upon receipt of a valid police report filed by the debtor alleging that the debtor is the victim of an identity theft crime", for the specific debt being collected along with a written statement that the debtor claims to be a victim of identity, the principal creditor shall cease collection activities until completion of the review.

133. Pursuant to GBL § 604-a(5), upon receipt of the identity theft statement, "the principal creditor shall review and consider all of the information provided by the debtor and other information relevant to the review. The principal creditor may recommence debt collection activities only upon making a good faith determination based on all the information provided by the debtor and other information available to the principal creditor in its file or from the creditor that the information does not establish that the debtor is not responsible for the specific debt in question".

134. GBL § 604-a(5) also requires that the principal creditor "notify the debtor in writing of that determination and the basis for that determination before proceeding with any further collection activities."

135. Pursuant to GBL § 604-a(4), if a debtor notifies the principal creditor in writing that they are a victim of identity theft, but omits information required pursuant to GBL§ 604-a(1) and the principal creditor does not cease collection activities, they must "provide written notice to the debtor of the additional information that is required."

136. Furnisher Defendants received a dispute letter which included a written statement stating that Plaintiff is a victim of identity theft, facts supporting the claim and a filed police report which exposes the Plaintiff to a misdemeanor if she were to be found guilty of misdemeanor of filing a false police report. Plaintiff's March 2021 Identity Theft Dispute also attached a copy of Plaintiff's New York state issued driver's license which reflects her current address and a copy of her social security card.

137. In violation of GBL § 604-a, Furnisher Defendants failed to perform a good faith review to determine whether the debt was legitimate and continued collection activities which include, but are not limited to Furnisher Defendants' continuing to report the debt on Plaintiff's credit report by submitting updated reports to the CRA Defendants.

138. In violation of GBL § 604-a, Furnisher Defendants failed to consider all of the information provided by the Plaintiff and other information relevant to the review.

139. In violation of GBL § 604-a, Furnisher Defendants failed to inform the Plaintiff in writing of their determination for that review and failed to provide the basis for their determination prior to proceeding with any further collection activities.

140. If Furnisher Defendants claim that Plaintiff's statement of identity theft was incomplete or defective, Furnisher Defendants are in violation of GBL § 604-a(4) for failing to inform Plaintiff of what was missing or deficient in the identity theft statement and continuing collection activities anyway.

141. If Plaintiff claims that they did in fact comply with the good faith review requirement of this statute, Plaintiff still violated GBL § 604-a(5) statute by failing to send the Defendant any notice in writing outlining their determination or the basis for that determination.

142. Plaintiff remains completely unaware of why the Identity theft statement was

insufficient to remove the debt obligation and what she may do, say or provide that may alleviate this issue.

143.   Furnisher Defendants have violated their obligations pursuant to GBL § 604-a and Plaintiff has been damages emotionally and financially as a direct result of their failure to comply with the law.

144.   Pursuant to GBL § 604-b, Furnisher Defendants are subject to civil liability due to their failure to make the requisite adjustments or corrections necessary to cure the violations with respect to the Plaintiff within the required timeframe of notice of their written notice of such violation.

## JURY DEMAND

145.   Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

    a   Adjudging that Defendants' actions violated the FCRA & GBL; and

    b   Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

    c   Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    d   Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

    e   Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).

    f   Granting Plaintiff statutory damages against Furnisher Defendants for violations of New York General Business Law § 604-a pursuant to § 604-b.

  g Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

  h Such other and further relief as the Court determines is just and proper.

DATED: May 24, 2021

              **BARSHAY SANDERS, PLLC**

              By: _/s Alain Cesar_
              Alain Cesar, Esq.
              100 Garden City Plaza, Suite 500
              Garden City, New York 11530
              Email: acesar@barshaysanders.com
              Tel: (516) 203-7600 ext 1270
              Fax: (516) 282-7878
              _Attorneys for Plaintiff_
              Our File No.: 121962